PEASE COMPANY, APPELLEE, v. LOCAL UNION 1787 ET AL., APPELLANTS.

(No. CA77-03-0036—Decided May 24, 1978.)

*Messrs. Graydon, Head & Ritchey, Mr. Thomas A. Brennan, Mr. Stephen L. Black, Mr. Bruce A. Hoffman* and *Mr. Samuel F. Spoerl, Jr.* for appellee.

*Messrs. Smith & Kircher, Mr. John C. Bauer* and *Mr. James B. Robinson,* for appellants.

*Per Curiam.* This cause came on to be heard upon the appeal, the transcript of the docket, journal entries and original papers from the Court of Common Pleas of Butler County, the transcript of the proceedings, the briefs and the arguments of counsel.

On March 1, 1977, plaintiff-appellee, Pease Company, filed a complaint alleging that Local Union No. 1787 and its members, defendants and appellants herein, were engaged in illegal strike activities at the company's plant locations and retail division stores. The complaint sought to enjoin the union and its members from, among other things, mass picketing at the company's factory and store premises, interfering with shipment and delivery of company goods and threatening company employees and visitors. Filed concurrently with the complaint was a motion for a temporary restraining order and for a preliminary and

permanent injunction. On the same day the complaint was filed, the trial court issued a temporary restraining order which essentially granted the injunctive relief requested in plaintiff's complaint. The temporary restraining order was extended by consent of the parties through April 6 pursuant to an order of the trial court entered March 14.

On March 18, plaintiff filed a "Motion for Issuance of Show Cause Order in Contempt." It alleged that defendants had violated the provisions of the temporary restraining order; prayed for a finding of contempt against the union, 14 individually named defendants and 57 union members; and sought damages of $25,000 plus costs. The trial court granted the motion on the same day and set the matter down for a hearing on March 23.

On the day of the hearing, defendants filed in writing a "Motion for Continuance" and a "Motion to Dismiss," both of which were overruled. After hearing plaintiff's evidence (defendants rested without presenting testimony), the trial court on March 24 found the union and eight individual union members guilty of contempt for violations of the temporary restraining order. It sentenced the eight members to jail terms of varying lengths not exceeding 10 days per violation, 5 days of which were suspended, levied fines totalling $1,500 against the union and assessed costs against the eight members and the union. In this appeal, defendants assign six errors in the proceedings below.

The first assignment alleges that the trial court erred to the prejudice of defendants in denying their motion for a continuance. The proceedings below arose out of an indirect criminal contempt action punishable under R. C. 2705.02(A). In the trial of such an action, due process requires that the accused be advised of the charges in writing, with a *reasonable* opportunity to meet them by way of defense or explanation. *State* v. *Jaffrin* (1956), 2 Ohio Op. 2d 486. Here, the sole question raised by the first assignment is whether the defendants were afforded sufficient time to prepare their defense to the show-cause order.

The record discloses that the union and each of the eight defendants found in contempt received service of

process between March 18 and March 21.[1] The contempt hearing commenced on March 23.

Our research has uncovered no Ohio precedents concerning what is an adequate period of time between the issuance of a show-cause order and the commencement of a hearing on contempt charges. Federal Courts, however, have confronted the issue in the context of contempt proceedings pursuant to Fed. R. Crim. P. 42(b). See *Nilva* v. *United States* (1957), 352 U. S. 385; *United States* v. *Alter* (C. A. 9, 1973), 472 F. 2d 1016; *United States* v. *Robinson* (C. A. 9, 1971), 449 F. 2d 925. Collectively, these cases establish the general principle that the determination of how much time is reasonable depends upon the circumstances of the particular case and must be committed to the informed discretion of the trial court. The trial court ruling may be reversed only for an abuse of discretion.

Using this *ad hoc* approach as our standard here, we are unable to conclude that defendants, most of whom had five days to discuss the charges with union counsel and to prepare their defense, were prejudiced by the trial court's denial of their motion for a continuance. The charges against them were neither complex nor lengthy, and all involved the same type of alleged contemptuous acts. Considering these circumstances, the trial court exercised sound discretion in avoiding protracted legal maneuvering which would have permitted a continuation of the possibly incendiary situation at the plants and store outlets of the Pease Company. The time allowed for the defense to prepare its case was adequate under the flexible due process standards enunciated in the aforementioned federal cases and meets the requirements of R. C. 2705.03. Accordingly, we overrule the first assignment.

Defendants' second assignment states that the trial court erred to their prejudice in proceeding to trial at a time when the court, plaintiff's counsel, and defense counsel did not know the identity of the persons being tried. We disagree.

---

[1] Defendants Gabbard, Cornett, Madden, Evans, and Parker were served on March 18; McVey and the union on March 19; Ramsey, March 20; and Smith, March 21.

It is apparent from the record that the trial court and both counsel were aware from the outset which union members were on trial for contempt. Concededly, there was some uncertainty as to which of the alleged contemnors had received timely service of process and which of them were present in the courtroom at the beginning of the hearing. However, the trial court's failure to resolve these uncertainties did not prejudice defendants since (1) the defense stipulated near the conclusion of the trial that each of the convicted contemnors had been properly served and (2) none of the appellants here claims that he was not present at trial.[2] On the facts before us, the actions complained of in the second assignment do not constitute reversible error.

Defendants' third and fourth assignments challenge the admission into evidence of two exhibits offered by plaintiff; *viz.*, (1) a film, and testimony pertaining thereto, made for television news purposes and (2) a condensed videotape and related testimony. Both depicted strike activities.

The record shows that an adequate foundation was laid for the admission of the news film and the videotape as fair and accurate representations of strike activities that occurred, respectively, on March 16 and 17. Appellants have made no showing that the trial court's admission of the exhibits constituted an abuse of discretion or materially prejudiced their defense. Accordingly, we find the third and fourth assignments to be without merit.

The fifth assignment of error states as follows:

"The court erred to the prejudice of defendant-appellant Jesse W. McVey, in finding him guilty of acts of contempt on March 17, 1977, since the finding is totally unsupported by the evidence and since he was not accused of acts of contempt on March 17, 1977."

Plaintiff concedes that the record is devoid of evidence showing that defendant McVey participated in or was

---

[2] The record also reveals that no objection was made to the court's proceeding with the hearing and that all eight men found in contempt were represented by counsel throughout the "show cause" hearing and were present in the courtroom at the conclusion of the hearing.

even present during the illegal strike activities on March 17. In support of the trial court's contempt finding, however, plaintiff advances the argument that McVey, as president of the union, may be held individually liable for the contemptuous activities of his fellow union members on March 17 because of evidence in the record tending to prove that he was present and encouraged such actvities on March 16. We cannot concur.

There is not a shred of evidence to support the trial court's finding that McVey in any way engaged in or acquiesced in the actions of the strikers on March 17. *State v. Local Union 5760* (1961), 172 Ohio St. 75, holding that labor union officials may be liable for contempt for approval of, or failure to make reasonable efforts to prevent, strike conduct by their members, is distinguishable on its facts since there the officials were actually present at the scene of the strike on the day in question.

We sustain the fifth assignment of error.

The sixth and final assignment asserts that the trial court erred to the prejudice of defendants in failing to require proof of guilt beyond a reasonable doubt. We disagree.

The law is clear that where, as here, defendants are charged with criminal contempt, their guilt must be proven beyond a reasonable doubt. *Michaelson v. United States* (1924), 266 U. S. 42; *State v. Treon* (1963), 91 Ohio Law Abs. 229. Although the trial court, as trier of fact in the instant case, was unclear as to whether guilt had to be established beyond a reasonable doubt or merely by clear and convincing evidence, it left no doubt in making its finding that plaintiff's proof had satisfied the higher standard. The sixth assignment is overruled.

Accordingly, the judgment is affirmed, except for the finding and sentence of Jesse W. McVey for the contempt allegedly committed March 17, 1977, which is hereby vacated and set aside.

*Judgment accordingly.*

Shannon, P. J., Keefe and Bettman, JJ., concur.