**In re CONTEMPT OF MEIROFF.**

Court of Common Pleas of Ohio,
Columbiana County,
Juvenile Division.

No. 99 MISC 0004.

Decided March 5, 1999.

---

18

*John E. Gamble,* Columbiana County Assistant Prosecuting Attorney, for the state.

*Dominic J. Vitantonio,* for Robert D. Meiroff.

C. ASHLEY PIKE, Judge.

On September 22, 1998, in Beaver Township, Mahoning County, Ohio, Patrolman Robert D. Meiroff issued a traffic citation for speeding to one Bret A. Liebendorfer of East Palestine, Columbiana County, Ohio. The citation was filed in the Mahoning County Juvenile Court and transferred, pursuant to R.C. 2151.27, to the Juvenile Division of the Common Pleas Court of Columbiana County for adjudication. The minor entered a denial on November 20, 1998, and an adjudicatory hearing was set for Wednesday, December 9, 1998.

By subpoena of the Columbiana County Prosecuting Attorney and service by the Mahoning County Sheriff, Ptl. Meiroff was directed to appear to testify at the adjudicatory hearing.

By stipulation at the hearing on the contempt, counsel agreed that on the day in question, Ptl. Meiroff telephoned the court about 8:00 a.m. for the purpose of explaining that, as a member of the Mahoning Valley Crimes Task Force, he was to undergo mandatory training in Cleveland, Ohio, that day. The purpose of the call was to ascertain whether his presence was still going to be required at the proceedings in the Columbiana County Juvenile Court. There was no answer at the court, since the call was placed just prior to the beginning of the business day. Later that day, the case was called for hearing but dismissed when the arresting officer, Ptl. Meiroff, the state's only witness, failed to appear.

By stipulation at the contempt hearing, counsel agreed that the patrolman was paged by his dispatcher during his return trip from Cleveland later on the day in question, with the dispatcher asking why the patrolman had not appeared. The patrolman explained to his dispatcher, who in turn relayed the message to the assistant prosecuting attorney, that he had been at training but then was in a position to arrive at the court in approximately an hour. The assistant prosecuting attorney, who had initiated the call to the dispatcher, indicated to him that it was "too late," since the charge had been dismissed for lack of evidence.

A show cause order was issued by a magistrate, directing Ptl. Meiroff to appear to show cause why he should not be held in contempt for his having failed to appear. After an initial appearance without counsel before the undersigned, this matter was called for merit hearing on the contempt issue on February 9, 1999, with Ptl. Robert D. Meiroff represented by Attorney Dominic J. Vitantonio and the state represented by Assistant Prosecuting Attorney John E. Gamble.

The stipulations recited above were entered into, arguments were had, and the matter was taken under advisement. It now comes on for decision.

■ Counsel for the contemnor argues persuasively that the type of contempt alleged here is indirect, since the same occurred, if at all, in the constructive rather than in the immediate presence of the court. *State v. Local Union 5760* (1961), 172 Ohio St. 75, 15 O.O.2d 133, 173 N.E.2d 331. He further argues that the contempt herein is criminal, since the citation is designed to punish the contemnor for disobedience of/or resistance to a lawful writ or order of the court as described in R.C. 2705.02. *State v. Kilbane* (1980), 61 Ohio St.2d 201, 15 O.O.3d 221, 400 N.E.2d 386; *Brown v. Executive 200, Inc.* (1980), 64 Ohio St.2d 250, 18 O.O.3d 446, 416 N.E.2d 610; *Shillitani v. United States* (1966), 384 U.S. 364, 86 S.Ct. 1531, 16 L.Ed.2d 622. The court agrees with counsel's characterization of this charge as indirect criminal contempt.

■ Criminal intent is an essential element of the charge with each and every element to be proven beyond a reasonable doubt. *Midland Steel Products Co. v. U.A.W. Local 486* (1991), 61 Ohio St.3d 121, 573 N.E.2d 98.

The penalty for indirect criminal contempt is set forth in R.C. 2705.05 and for a first offense includes a potential jail sentence of thirty days, a fine of $250, or both, and the payment of costs.

Attorney Vitantonio, contemnor's counsel, candidly admits that his client was guilty of some "bad decisionmaking" and "sloppiness." However, he argues that Ptl. Meiroff's conduct did not rise to the level of contempt. In a well-reasoned trial brief submitted on the date of the hearing, attorney Vitantonio cites two appellate cases with contrasting fact patterns to illustrate his point. In the more recent one, which is from the Second District in Montgomery County, an attorney was found in contempt for failure to file a fee disclosure statement and for failure to appear at an initial show cause hearing. The court stated as follows:

"The record before us contains evidence upon which the trial court could reasonably rely in finding that Karasek intentionally acted in direct contravention of its orders. Her failure to appear [at the show-cause hearing] was without good cause or legal basis, and thus evidenced a complete lack of regard for the authority of the court. The intent to defy the trial court's order to show cause can be found in her response and objection to the order, wherein she informed the trial court, albeit a day late, that she did not intend to appear. Moreover, the insouciant manner in which Karasek informed the trial court that she did not intend to comply with the order to file a fee disclosure, along with her subsequent failure to file in compliance with the order, or even to amend the deficient disclosure, indicates to this court that the finding of contempt for failure to file is amply supported by the record." *In re Karasek* (1997), 119 Ohio App.3d 615, 627, 695 N.E.2d 1209, 1216.

The other appellate case, from the Eighth District in Cuyahoga County, cited by attorney Vitantonio, while older, has a fact pattern more in concert with the situation currently at issue. *Cleveland v. Ramsey* (1988), 56 Ohio App.3d 108, 564 N.E.2d 1089. In that case, a contempt charge was brought against the contemnor in her capacity as a keeper of the Mt. Sinai Medical Records, when the contemnor failed to appear on time with the medical records. The subpoenaed records purportedly established that the accused was driving under the influence of alcohol or drugs when arrested. As a result of the contemnor's failure to appear, the defendant was discharged. The trial court found the keeper of the records in contempt and sentenced her to three days in a workhouse and to pay a fine and court costs. The jail term was suspended, and the keeper of the records appealed. The court of appeals reversed, finding that the keeper of the records had telephoned the prosecutor's office to determine whether she was still needed

to testify at the trial. In that case, the keeper of the records actually had communications, by leaving a message, with the office of the prosecuting attorney, requesting confirmation as to whether her presence at the merit hearing was still required. Since no one responded, the court found that her efforts were sufficient to negate any finding of the essential element of intent to prove the charge of indirect criminal contempt.

In this court's judgment, the failure of the contemnor to make contact with someone at the court to ascertain whether his presence at the adjudicatory hearing was still required distinguishes this case from *Ramsey*. Meiroff knew, by virtue of his phone call to the court, that his presence was still necessary *until the court instructed him otherwise*. He obviously understood that he could not make such a determination by his own prerogative, or he would never have made the telephone call in the first place. Then, when he failed to reach the court, for whatever reason, the *effect* was as though the call had never been made. Surely he did not believe that the court had knowledge that he had inquired about his status. Had he not intended to ignore the subpoena, he could have made a followup telephone call or had his dispatcher do so and then page him.

If the position advanced by contemnor's counsel is accepted by the court, any person under subpoena could merely make an attempt, albeit half-hearted, to contact the court even during nonbusiness hours as a predicate for a subsequent claim that the conduct precluded a finding of the intent necessary to commit contempt. As a result, court orders, writs, and subpoenas would become mere requests or invitations to appear. Consequently, the rights of litigants would be subjugated to the will of witnesses and the preeminence of our system of justice would be severely compromised.

The court finds that Robert D. Meiroff is guilty of indirect criminal contempt and orders that he pay a fine of $100 and the costs, not later than sixty days from the date of this order.

*Judgment accordingly.*