The issue in this appeal is whether the trial court's order directing attorney James T. Millican to pay a fine of $250 for failing to appear at a scheduled trial date is indirect contempt warranting notice and a hearing. Since both the indirect contempt statute and Loc.R. 21 require the trial court to give notice and conduct a hearing before imposing sanctions, we conclude as a matter of law that the trial court's order constituted an abuse of discretion.
However, before we address the facts and law in this accelerated appeal, it is important to note that this court appreciates and understands the trial court's inherent right to control its courtroom. Consequently, a judge attempting to administer justice in a timely and orderly manner should always be commended by this court. We believe strongly that this was the ultimate intent of this trial court. However, in its efforts to do so it went beyond the bounds set forth by law.
The facts in this case are not complicated. James T. Millican represented the plaintiff in a personal injury action. The trial court issued its Case Management schedule, which set forth the pretrial dates and the trial date. It is no question that all the parties knew the trial date, August 19, 1998. The case, however, settled and neither of the parties presented an entry to the court verifying the settlement. Millican's staff attorney in an affidavit stated she called the court before the July 15, 1998 settlement conference date and informed someone at the court that the matter had indeed been settled. The record shows that neither of the parties appeared for the July 15, 1998 settlement conference, and none of the parties were sanctioned for failing to appear at that pretrial.
On August 20, 1998, the trial court sanctioned both lawyers and issued the following, which was faxed to both:
 No one appeared therefore this court can only guess that the case has been settled or dismissed by agreement of the parties. No entry or other notice has been given to this court, neither counsel has filed trial briefs as required by this court's order of 1/20/98. Therefore, in accordance with notice issued orally and in writing on 1/20/98, each counsel hereby [sic] fined $250, for failure to comply with court's order issued to permit court to maintain its docket in a manner best calculated to serve public and justice. * * *
Millican did not pay $250; however, the other lawyer did. This appeal followed, and Millican assigns the following error for our review:
 THE TRIAL COURT ERRED IN FAILING TO COMPLY WITH R.C. 2705.03 IN CITING APPELLANT FOR INDIRECT CRIMINAL CONTEMPT.
The trial court does not use the language contempt and thus the issue for us in Millican's assigned error is whether the trial court abused its discretion when it failed to follow R.C. 2705.03
and/or procedures for administrating indirect contempt, R.C.2705.02.
Before we address this issue, we first address the prerogative of the trial court to sanction under Local R. 21. Loc.R. 21, Part III H authorizes a trial judge to impose various sanctions when the plaintiff or defendant fails to appear for trial. The sanction for plaintiff's failed appearance is a dismissal without prejudice. The sanction for defendant's failed appearance is to proceed to trial ex parte. The failure of either attorney to appear within 30 minutes of a scheduled settlement or pretrial conference may for good cause shown result in a $250 fine. Before the trial court can impose any of these sanctions under Loc.R. 21, it must make a reasonable attempt to reach the offending attorney. However, the Local Rule does not address the sanction to be imposed when both attorneys fail to appear at trial. Consequently, we conclude that Loc.R. 21 is inapplicable to the matter at hand.
We now turn to the contempt statute. We acknowledge that the court never used the contempt language. However, based on this record, it certainly seems as if that was the court's goal. Thus, the issue for us is whether the trial court may sanction the act of failing to appear for trial without first giving notice and conducting a hearing to ascertain the reasons for the failed appearance.
While the court has the inherent power to manage its docket and to punish contempt, if a procedure for handling a matter has been prescribed by statute, that procedure must be followed. State exrel. Johnson v. County Court of Perry County (1986), 25 Ohio St.3d 53,54. The appropriate procedures for handling contempt cases are contained in R.C. 2705.01 through 2705.03. R.C. 2705.01
provides that a court may "summarily punish a person guilty of misbehavior in the presence of, or so near the court or judge as to obstruct the administration of justice." However, the allegedly contemptuous acts in this case did not occur in the court's presence. Therefore, a summary finding of guilt as permitted by R.C. 2705.01 is not proper.
Instead, as is shown above, the conduct in this case falls under the definition of indirect contempt, which R.C. 2705.03
provides:
 In cases under section 2705.02 of the Revised Code, a charge in writing shall be filed with the clerk of the court, an entry thereof made upon the journal, and an opportunity given to the accused to be heard, by himself or counsel.
Further, the Ohio Supreme Court ruled in Oakwood v. Wuliger
(1982), 69 Ohio St.2d 453, that failure to appear at a hearing on a traffic ticket constitutes "indirect contempt" and therefore requires a hearing. (See, also, Cleveland v. Ramsey (1988),56 Ohio App.3d 108 and East Cleveland v. Reed (1977), 54 Ohio App.2d 147, finding failure to appear at a pretrial or hearing was indirect contempt and, therefore, a hearing was necessary before a finding of contempt could be made by the court.)
Indirect contempt is "conduct which takes place outside the presence of the court." Ramsey, supra at 109 (quoting In re Carroll (1985), 28 Ohio App.3d 6, 8-9.) The Ramsey court, quotingState v. Local Union 5760, United Steelworkers (1961), 172 Ohio St. 75,82, instructs "[w]here judges have no personal knowledge of the alleged act of contempt because of its commission beyond the court's actual physical presence, the procedure outlined in R.C. 2705.03, requiring a written charge, an adversary hearing upon the issues, and an opportunity for the accused to be represented by counsel, should be strictly adhered to." Ramsey at 109.
Millican argues that the underlying case was settled and the court was notified of that fact prior to the July 15, 1998 settlement conference. On August 19, 1998, when the case was called to trial, and the attorneys were absent, they were clearly not in the court's presence. In In Re Purola (1991), 73 Ohio App.3d 306, at 311, the Court of Appeals for the Third District, discussing the Ohio Supreme Court's opinion in Weiland v. Industrial Commission (1956), 166 Ohio St. 62, states:
 In Weiland by finding that the attorney's failure to appear was an indirect contempt, the Supreme Court precluded a summary finding against the attorney, which is permissible with direct contempt. By classifying the contempt as indirect, the attorney's due process rights were protected and he was allowed to offer an explanation for his tardiness."
Because the court below had no knowledge of the reason for the attorneys' failure to appear, Millican should have been allowed to explain his absence. Failing to provide the procedural safeguards provided by R.C. 2705.03 has been deemed an abuse of discretion. Weiland at 64-65. Consequently, this matter is reversed and remanded.
Judgment reversed and remanded.
This cause is reversed and remanded for further proceedings consistent with this opinion herein.
It is ordered that appellants recover of appellee their costs herein taxed.
It is ordered that a special mandate issue out of this Court directing the Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
ANN DYKE, P.J., and KENNETH A. ROCCO, J., CONCUR.
 ___________________________________ PATRICIA ANN BLACKMON JUDGE
N.B. This entry is an announcement of the court's decision. See App.R. 22 (B), 22 (D) and 26 (A); Loc.App.R. 22. This decision will be jounalized and will become the judgment and order of the court pursuant to App.R. 22 (E) unless a motion for reconsideration with supporting brief, per App.R. 26 (A), is filed within ten (10) days of the announcement of the court's decision. The time period for review by the Supreme Court of Ohio shall begin to run upon the journalization of this court's announcement of decision by the clerk per App.R. 22 (E). See, also, S.Ct.Prac.R. II, Section 2 (A) (1).