ACCELERATED DOCKET JOURNAL ENTRY AND OPINION
{¶ 1} Appellant Uche Mgbaraho, Esq. appeals from the trial court's order finding him in contempt of court for arriving 45 minutes late for a sentencing hearing. The trial court imposed a fine of $150 which was stayed pending this appeal.
{¶ 2} On the morning of September 28, 2001, Mr. Mgbaraho was in court representing his client, Andre Peavy, when the jury verdict was read. After thanking and dismissing the jury, the trial court set the sentencing hearing for 9:00 a.m. Monday, October 1, 2001. Defendant Peavy answered "yes" and Mr. Mgbaraho said, "Thank you, your Honor." (T. 5.)
{¶ 3} On October 1, 2001, the court indicated on the record that Mr. Mgbaraho did not arrive in court until 9:45 a.m. Mr. Mgbaraho stated to the court that he had left his home on West 116th Street at 8:15 a.m., but that he was caught in heavy traffic. He also stated that he attempted to reach the court. The court responded:
 {¶ 4} Mr. Mgbaraho, you could have walked here in that time. You can have the choice of either giving my bailiff a check made payable to clerk of court for $50 bucks today or come back here tomorrow morning at 8:30 and have a show cause hearing as to why you were late. (T. 6-7).
{¶ 5} At the show cause hearing the next morning, the court began by stating that it had instructed defendant Peavy and his attorney to be present for sentencing at 9:00 a.m. The court noted that Mr. Mgbaraho entered the court no earlier than 9:45 a.m. Mr. Mgbaraho reiterated his apology to the court for his lateness the day before. He explained again that he left home at 8:15 a.m., but that traffic was extremely slow. During the drive, Mr. Mgbaraho's secretary called him and informed him the court's bailiff had called the office to remind him of the sentencing. After receiving the court's telephone number from the bailiff, Mr. Mgbaraho telephoned the court. He left a message for the bailiff that he was caught in traffic. Upon his arrival at court, Mr. Mgbaraho was delayed by the line for the elevators. Mr. Mgbaraho stated that there was no intention on his part to delay the proceedings and that he was not trying to disobey the court in any fashion. Mr. Mgbaraho essentially stated that in his experience a court will have other cases upon which to proceed and that it will make time in its schedule for a sentencing when necessary. Mr. Mgbaraho stated again that he left his house in a timely fashion so that it was not "as if [he] was late because [he] didn't know what time the hearing was." (T. 14.)
{¶ 6} The trial court responded by questioning Mr. Mgbaraho as follows:
 {¶ 7} THE COURT: You are telling the court that you live on 116th Street, West 116th Street and you left your house at 8:15 in the morning yesterday. Is that correct?
 {¶ 8} MR. MGBARAHO: That's the normal time I leave, your Honor.
 {¶ 9} THE COURT: It took an hour and a half to get from West 116th Street, your house to this courtroom at 9:45?
 {¶ 10} MR. MGBARAHO: Your Honor, the traffic was extremely slow yesterday. Anybody who was here yesterday could testify that traffic was slow.
 {¶ 11} THE COURT: Mr. Mgbaraho, you could have rollerskated to court from West 116th and been here prior to quarter to ten. I find you to be in contempt of court for disobeying this court's order. Frankly, I don't believe your story that you were stuck in traffic for an hour and a half. And I am going to order that you pay $150 in order to purge yourself of this contempt finding. Make the check payable to the clerk of court. Have a good day.
{¶ 12} (T. 15-16).
{¶ 13} The appellant sets forth one assignment of error:
 {¶ 14} THE TRIAL COURT ABUSED ITS DISCRETION AND POWER BY FINDING COUNSEL IN CONTEMPT OF COURT WHERE THE EVIDENCE WAS INSUFFICIENT.
{¶ 15} The appellant argues that there was no intent to disobey a court order and thus he committed no contempt of court. The appellee asserts there was sufficient evidence to support the finding of contempt and that the trial court did not abuse its discretion.
{¶ 16} In R.C. 2705.02 the legislature determined that a person may be punished for acts of contempt towards a court. These acts include: A) disobedience of, or resistance to, a lawful writ, process, order, rule, judgment, or command of a court or officer; and, B) misbehavior of an officer of the court in the performance of official duties, or in official transactions. R.C. 2705.02(A)(B). The legislature has also determined that in cases under section R.C. 2705.02, a charge in writing shall be filed with the clerk of the court, an entry made upon the journal, and an opportunity given to the accused to be heard, by himself or counsel.
{¶ 17} In order to resolve the question now before this court, the nature of the contempt must first be determined. In State ex rel. Cornv. Russo, 2001 Ohio 15, 90 Ohio St.3d 551 the Ohio Supreme Court defined contempt in general terms as disobedience of a court order. The court found that contempt is conduct which brings the administration of justice into disrespect, or which tends to embarrass, impede or obstruct a court in the performance of its functions. State ex rel. Corn v. Russo, citingto Denovchek v. Trumbull Cty. Bd. of Commrs. (1988), 36 Ohio St.3d 14,15, quoting Windham Bank v. Tomaszczyk (1971), 27 Ohio St.2d 55, paragraph one of the syllabus. This court upon review should place reliance on the discretion of the trial court. Ohio Patrolmen'sBenevolent Assoc. v. Cuyahoga Cty. Sheriff, 2001 Ohio 4260, Cuyahoga App. No. 79391.
{¶ 18} Contempt proceedings are often classified as sui generis, neither civil nor criminal; however, most courts distinguish between civil and criminal contempt proceedings. State ex rel. Corn v. Russo. The distinction is usually based on the purpose to be served by the sanction. Dan D. Dobbs, Contempt of Court: A Survey (1971), 56 Cornell L.Rev. 183, 235. Id. Thus, in determining whether a contempt is civil or criminal, the pertinent test is "what does the court primarily seek to accomplish by imposing sentence?" State ex rel. Corn v. Russo, citing toShillitani v. United States (1966), 384 U.S. 364, 370, 86 S.Ct. 1531,1535, 16 L.Ed.2d 622, 627.
{¶ 19} Further, in State ex rel. Corn v. Russo the court noted the differing circumstances used as guidance in making the determination:
 {¶ 20} Civil contempt sanctions are designed for remedial or coercive purposes and are often employed to compel obedience to a court order. Id. Criminal contempt sanctions, however, are punitive in nature and are designed to vindicate the authority of the court. Denovchek v. Trumbull Cty. Bd. of Commrs., 36 Ohio St.3d at 15, 520 N.E.2d at 1363. Thus, civil contempts are characterized as violations against the party for whose benefit the order was made, whereas criminal contempts are most often described as offenses against the dignity or process of the court. State v. Kilbane (1980), 61 Ohio St.2d 201, 204-205, 15 Ohio Op.3d 221, 223, 400 N.E.2d 386, 390.
{¶ 21} In the case sub judice, the court found Mr. Mgbaraho to have disobeyed an order of the court. This court finds that the trial court was issuing a criminal contempt citation because the court was not attempting to compel Mr. Mgbaraho to obey a court order, rather the court was seeking to punish Mr. Mgbaraho to vindicate the authority of the court.
{¶ 22} Next, it must be considered whether the contempt citation was issued for a direct or an indirect contempt. This court has held that contempt "committed outside the presence of the court but which also tends to obstruct the due and orderly administration of justice" is an indirect contempt. State v. Belcastro (2000), 139 Ohio App.3d 498, citingIn re Lands (1946) 146 Ohio St. 589. In such instances, the court generally has no personal knowledge of the alleged contemptuous behavior, and it therefore must afford the accused procedural safeguards such as a written charge, an adversary hearing and the opportunity for legal representation. State v. Belcastro, citing to State ex rel. SeventhUrban, Inc. v. McFaul (1983), 5 Ohio St.3d 120, 122; State v. Moody
(1996), 116 Ohio App.3d 176, 180. Arriving late to a hearing or not appearing at all constitute an indirect contempt of the court. State v.Belcastro citing to Cleveland v. Ramsey (1988), 56 Ohio App.3d 108.
{¶ 23} To be found guilty of criminal contempt, one must be found guilty beyond a reasonable doubt. Brown v. Executive 200, Inc. (1980),64 Ohio St.2d 250, at the syllabus. Criminal contempt is a crime in every fundamental respect. Burt v. Dodge (1992), 65 Ohio St.3d 34,599 N.E.2d 693, citing to Brown, supra. This court has recently reiterated this basic principle in Cleveland Surgi-Center, Inc. v.Operation Rescue, 2002 Ohio 2132, Cuyahoga App. No. 79327.
{¶ 24} In Midland Steel Products Co. v. International Union,United Auto., Local 486 (1991), 61 Ohio St.3d 121, at syllabus two, the court held that in cases of indirect criminal contempt, it must be shown that the alleged contemnor intended to defy the court. In cases of indirect criminal contempt, intent is an essential element. In Re Cox,
(Dec. 23, 1999) Geauga App. Nos. 98-G-2183, 98-G-2184; Ramsey,56 Ohio App.3d at 111. An erroneous assumption does not rise to the level of intentional disobedience. Ramsey, 56 Ohio App.3d at 111. Additionally, a telephone call placed to the authority requiring one's presence is evidence of an intent to comply with an order. Id.
{¶ 25} In the matter now before this court, there was no evidence before the trial court that Mr. Mgbaraho, beyond a reasonable doubt, intentionally brought the administration of justice into disrespect, embarrassed, impeded or obstructed the court in the performance of its functions or that he intentionally violated a court order.
{¶ 26} The appellant's assignment of error is well taken.
Judgment reversed. Finding of contempt vacated.
It is ordered that appellant recover of appellee his costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate be sent to said court to carry this judgment into execution. The defendant's conviction has been reversed and vacated.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
PATRICIA A. BLACKMON, J., and ANNE L. KILBANE, J., CONCUR.