THE STATE OF OHIO, APPELLEE, *v.* SORGEE ET AL., APPELLANTS.
THE STATE OF OHIO, APPELLEE, *v.* FORTNEY, APPELLANT.

(Nos. 76-1292 and 76-1293—Decided June 28, 1978.)

*Mr. George C. Smith,* prosecuting attorney, and *Mr. Alan C. Travis,* for appellee.

*Mr. David H. Bodiker* and *Mr. Morton Q. Levin,* for appellants.

CELEBREZZE, J. Although it is not the function of this court to consider the weight of the evidence when reviewing the trial court's record in a criminal case, the record may be examined to determine whether it includes sufficient evidence which, if believed, would convince the average juror of the accused's guilt beyond a reasonable doubt. *Atkins* v. *State* (1926), 115 Ohio St. 542. It is also well settled that, where circumstantial evidence alone is relied upon to prove an essential element of an offense, such evidence must be consistent only with the theory of guilt and irreconcilable with any reasonable theory of innocence. *State* v. *Kulig* (1974), 37 Ohio St. 2d 157; *Carter* v. *State* (1915), 4 Ohio App. 193.

Appellants herein were charged with theft by deception, in contravention of R. C. 2913.02, which section, as pertinent herein, reads as follows:

. "(A) No person, with purpose to deprive the owner of property or services, shall knowingly obtain or exert control over either:

"\* \* \*

"(3) By deception;"

R. C. 2913.01 defines "deception" and "deprive," respectively, as follows:

"(A) 'Deception' means knowingly deceiving another or causing another to be deceived, by any false or misleading representation, by withholding information, by preventing another from acquiring information, or by any other conduct, act, or omission which creates, confirms, or perpetuates a false impression in another, including a false impression as to law, value, state of mind, or other objective or subjective fact.

"* * *

"(C) 'Deprive' means to:

"(1) Withhold property of another permanently, or for such period as to appropriate a substantial portion of its value or use, or with purpose to restore it only upon payment of a reward or other consideration;

"(2) Dispose of property so as to make it unlikely that the owner will recover it;

"(3) Accept, use, or appropriate money, property, or services, with purpose not to give proper consideration in return therefor, and without reasonable justification or excuse for not giving proper consideration."

In essence, appellee has maintained that, through the acceptance of money with the purpose not to give proper consideration in return, and without reasonable justification or excuse for the failure to give proper consideration, appellants have knowingly deprived the state of property, this deprivation having been accomplished by commissions or omissions which created, confirmed or perpetuated false impressions in others. In order to prove this theory the state presented the testimony of eight witnesses, several of whom were employed in the personnel division of the state Department of Taxation. Their testimony reveals that signed applications for employment were received from each of the appellants on or about December 2, 1974, and that each failed to list the position which was sought. Each appellant was hired as a full-time permanent employee of the Department of Taxation, as of Novem-

ber 25, 1974, and each was assigned to the Cleveland dis-. trict office.

Several irregularities associated with appellants' employment were also disclosed during the course of the trial. Roger L. Whaley, personnel officer, testified that his assistant, Florence Wilburn, personally arranged the details relative to the employment of appellants. It was established that after processing their application forms Wilburn assigned appellants to openings in the Cleveland office of the Department of Taxation. Contrary to normal procedure, Wilburn instructed an aide not to send any communication to the Cleveland district supervisor advising him of this fact, and this same aide testified that she was later instructed to remove appellants' pay warrants from the bundles to be mailed on each pay date to the Cleveland office. Another personnel division employee stated that, on several occasions, she was told by Mrs. Wilburn to place appellants' pay checks in plain envelopes, to type appellants' home addresses thereon, and to place these envelopes in the mail. It was stipulated that appellants cashed the pay warrants. The state also introduced as. exhibits personnel action forms which indicated that on or about December 21, 1974, Wilburn caused appellant Sorgee to be removed from the payroll, listing "verbal resignation to supervisor" as the reason therefor, and that appellants George and Fortney were removed from the payroll as of January 11, 1975. The state's case continued with the videotaped testimony of the former Cleveland district manager of the Department of Taxation, who stated that, to his knowledge, appellants never reported for work at the Cleveland office, and by testimony which established that during the time appellants were on the state payroll Sorgee and George served, for brief periods on one or two occasions, as witnesses for the recount of 1974 gubernatorial election ballots.

After a thorough review of the trial court record it is our opinion that the evidence produced by appellee. was insufficient, as a matter of law, to convince the average juror that appellants committed the offense of theft by de-

ception. We note that although the record is devoid of direct evidence of culpable acts or omissions on the part of appellants, the practices engaged in by the assistant personnel officer were clearly unorthodox, at best, and she was apparently never charged with any offense relative to these actions. More disquieting, however, is the absence of direct evidence in support of an essential element of these alleged offenses, viz., the failure to give proper consideration in return for the pay warrants each appellant received from the state (R. C. 2913.01 [C]).

Pursuant to the authority delegated to it in R. C. 5703.10* the Department of Taxation has established branch offices in the cities of Akron, Cleveland, Cincinnati, Columbus, Dayton, Toledo, Youngstown and Zanesville. Appellee ably demonstrated that appellants did not work in the Cleveland district office, but there was no direct evidence tending to prove that they did not render services at any one of the seven other offices maintained by the Department of Taxation. Because the circumstantial evidence was as consistent with a theory of innocence as with the state's theory of guilt, the trial court erred in overruling appellants' motion for judgments of acquittal.

In light of the above conclusion the court finds it unnecessary to consider the several additional propositions of law advanced by appellants.

The judgment of the Court of Appeals is reversed in case No. 76-1292, and modified in case No. 76-1293, and appellants are hereby discharged.

*Judgments accordingly.*

W. Brown, P. Brown, Sweeney and Locher, JJ., concur.

O'Neill, C. J., and Herbert, J., dissent.

---

*R. C. 5703.10 provides as follows:

"The department of taxation shall keep its office in Columbus and shall provide suitable rooms, necessary office furniture, supplies, books, periodicals, and maps. All necessary expenses shall be audited and paid as are other expenses. The department may hold sessions at any place within the state.

HERBERT, J., dissenting. In my view, the judgments in these causes should be affirmed.

The majority inspects the evidence adduced at trial and concludes that it was consistent with a theory of innocence. The majority holds also that, as a matter of law, the evidence introduced by the state was insufficient to convince the average juror of appellants' guilt. The touchstone of the majority is its opinion that the state failed to introduce direct evidence that appellants did not perform work in exchange for their state payroll checks.

The requirement that direct evidence of a negative be introduced under the facts of this case would seem to render prosecution for this type of crime a practical impossibility.

The Court of Appeals, in unanimous decisions found that the evidence was sufficient to present a jury question against all three appellants. I agree with that interpretation of the record.

The Court of Appeals held further, however, that appellant Fortney was denied a fair trial by being compelled to stand trial with George and Sorgee. I would not disturb this determination. A reasonable characterization of the record permits the conclusion that appellant Fortney's right to a full and fair presentation of her individual defense to the charges against her was prejudiced by the compulsory consolidation of these trials; therefore, the Court of Appeals' ruling in that respect should be upheld.

O'NEILL, C. J., concurs in the foregoing dissenting opinion.

---

"The department may establish as many branch offices in different parts of the state as are convenient for the purpose of administering the laws which the department is required or authorized to administer. Offices, buildings, and rooms for such branch offices shall be rented by the department of administrative services in the manner provided by law."