[Cite as *In re Contempt of Leary*, 2011-Ohio-6626.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

---

JOURNAL ENTRY AND OPINION
**No. 96424**

---

# IN RE: CONTEMPT OF PATRICK S. LEARY, ESQ.

In the matter styled:
City of North Royalton
v.
Ahmed Awadallah

---

## JUDGMENT:
## REVERSED AND REMANDED

---

Civil Appeal from the
Parma Municipal Court
Case No. 10 MIS 90031

**BEFORE:** Jones, J., Celebrezze, P.J., and E. Gallagher, J.

**RELEASED AND JOURNALIZED:** December 22, 2011

**ATTORNEYS FOR APPELLANT**

Larry W. Zukerman
Paul B. Daiker
S. Michael Lear
Brian A. Murray
Zukerman & Daiker & Lear Co., L.P.A.
3912 Prospect Avenue
Cleveland, Ohio 44115


**ATTORNEYS FOR APPELLEE**

Timothy G. Dobeck
Parma Law Director

BY: Richard D. Summers
Assistant Law Director
City of Parma
6611 Ridge Road
Parma, Ohio 44129

LARRY A. JONES, J.:

{¶ 1}  Appellant Patrick Leary appeals the trial court's finding of contempt.   For the reasons that follow, we reverse and remand.

{¶ 2}  Leary, an attorney licensed to practice law in the state of Ohio, was the attorney of record for Ahmed Awadallah.   Awadallah was charged with driving under suspension in Parma Municipal Court.   At the final pretrial, the parties could not resolve the matter because Awadallah had not yet gotten his driver's license reinstated.   The

court set a trial date of December 13, 2010 at 10:30 a.m. According to Leary, he informed the bailiff at the final pretrial that he already had a trial set for December 13 in Cuyahoga County Common Pleas Court. Also according to Leary, he told the bailiff he could appear for trial in Parma court after he resolved the common pleas court case and the bailiff thought that would be acceptable.

{¶ 3} On December 13, 2010, Leary failed to appear for the Awadallah trial at the designated time, 10:30 a.m. The court called the case for trial and Awadallah, the city prosecutor, and the involved North Royalton police officer were present. The police officer was present pursuant to a subpoena.

{¶ 4} Around 12:00 p.m., Leary received a call from the judge's bailiff, who told the attorney that the judge wanted to speak with him directly. The judge and Leary spoke, and the judge indicated that he was going to hold Leary in contempt of court. Leary then drove to Parma court to try to straighten out the situation, but was unable to speak to the judge or his bailiff.

{¶ 5} The trial court issued a show cause order and scheduled a hearing for January 12, 2011. At the hearing, Leary represented himself and presented evidence defending his position. Leary told the court that he had, on the morning of trial, tried to contact another attorney in his office to cover the Awadallah matter for him. He also claimed he attempted to contact the bailiff, but dialed the wrong number. Once he found the correct phone number, Leary told the court, he called and left a voicemail message for the bailiff letting the bailiff know he would be there as soon as he could.

**{¶ 6}** The trial court found Leary guilty of indirect contempt, indicating that it "speak[s] through its journal entry" and it did not matter what the bailiff may have told Leary, trial was set for December 13, 2010, at 10:30 a.m., and Leary had failed to appear or otherwise ask for a continuance. The court further noted that the attorney Leary claimed would cover for him expressly stated to the court that he did not represent Awadallah. The court fined Leary $250, suspended $100, and ordered the attorney to pay restitution to the city of North Royalton in the amount of $142.19 to cover the cost of the police officer's appearance at trial. Leary paid the fine, court costs, and restitution in full.

**{¶ 7}** Leary appeals the finding of contempt, raising three assignments of error for our review:

> "I. The Trial Court abused its discretion and erred to the prejudice of Appellant by failing to properly serve notice of the charge of contempt to Appellant, and therefore, violated Appellant's State and Federal Constitutional rights to due process of law.

> "II. The Trial Court abused its discretion and erred to the prejudice of Appellant by finding Appellant in indirect contempt of court, as the evidence presented at the contempt hearing was insufficient to establish by evidence beyond a reasonable doubt that Appellant acted intentionally in failing to appear for trial.

> "III. The Trial Court abused its discretion and erred to the prejudice of Appellant by failing to properly charge Appellant in writing and/or shifting the burden of proof to Appellant by requiring Appellant to 'show cause why he should not be held in civil or criminal contempt.'"

Mootness

**{¶ 8}** As an initial matter, we must first determine whether the appeal is moot because Leary paid his fines in full on the day he was found in contempt of court.

{¶ 9} The Ohio Supreme Court has consistently held that where a criminal defendant, convicted of a misdemeanor, voluntarily satisfied the judgment imposed upon him or her for that offense, an appeal from the conviction is moot unless the defendant has offered evidence from which an inference can be drawn that he or she will suffer some collateral legal disability or loss of civil rights stemming from that conviction. *State v. Golston* (1994), 71 Ohio St.3d 224, 643 N.E.2d 109, citing *State v. Wilson* (1975), 41 Ohio St.2d 236, 325 N.E.2d 236, and *State v. Berndt* (1987), 29 Ohio St.3d 3, 504 N.E.2d 712; See, also, *N. Olmsted v. Jones* (Mar. 13, 1997), Cuyahoga App. No. 71112. The defendant has the burden of presenting evidence that the conviction, as it affects him personally, rather than in the abstract, will result in a collateral disability or loss of a civil right. *State v. Dakdouk* (Sep. 21, 2000), Cuyahoga App. No. 77077, citing *Wilson* at 237. Thus, an appeal is moot unless the appellant has at some point in the proceedings offered evidence from which an inference can be drawn that he will suffer some collateral legal disability or loss of civil rights. *Wilson* at id.

{¶ 10} In his appellate brief, Leary argues that his appeal is not moot because he has suffered a collateral disability, to wit: he could be subject to increased penalties for a future conviction because contempt is an enhanceable offense, he could suffer an "adverse stigma" from the finding, and the finding could have a negative impact on his liability insurance. The appellee did not challenge Leary's mootness argument in his appellate brief and even opined at oral argument that he did not think the matter was moot.

{¶ 11} In light of the above, we find that the appeal is not moot and proceed to consider the assignments of error.

Notice

{¶ 12} In the first assignment of error, Leary argues that he did not receive adequate notice of the complaint against him.

{¶ 13} The trial court issued a show cause order against Leary that was signed by the judge and journalized by the clerk of courts. Although there is not conclusive evidence in the record that service was perfected on Leary, "personal jurisdiction or jurisdiction over the person is waivable by the defendant's voluntary submission at an initial appearance or by entering a plea of not guilty." *State v. Mbodji*, 129 Ohio St.3d 325, 2011-Ohio-2880, 951 N.E.2d 1025, 1028, citing *State v. Holbert* (1974), 38 Ohio St.2d 113, 118, 311 N.E.2d 22.

{¶ 14} "It is a well-established rule in Ohio that when a defendant appears in the trial court and enters a plea of not guilty to charges, he waives any objection to the court's exercise of personal jurisdiction over him." *Cleveland v. Fitos* (Jan. 9, 2003), Cuyahoga App. No. 81404, ¶11, citing *State v. Savage* (1977), 60 Ohio App.2d 394, 397 N.E.2d 1205. See, also, *Parma v. King* (Apr. 20, 2000), Cuyahoga App. No. 75185.

{¶ 15} Thus, Leary waived any defects in the notice by appearing before the court for the contempt hearing and entering a denial of the contempt charge. Moreover, the defense of lack of personal jurisdiction is waived if it is not raised at the trial court level. See *In re C.T.*, Montgomery App. No. 24036, 2010-Ohio-5887, appeal not allowed by

128 Ohio St.3d 1458, 2011-Ohio-1829, 945 N.E.2d 522.

{¶ 16} The first assignment of error is overruled.

Abuse of Discretion

{¶ 17} In the second assignment of error, Leary argues that the trial court abused its discretion in finding him in contempt of court.    We agree.

{¶ 18} An appellate court's standard of review of a trial court's contempt finding is abuse of discretion.    *Cleveland v. Paramount Land Holdings, L.L.C.*,Cuyahoga App. Nos. 96180, 96181, 96182, and 96183, 2011-Ohio-5382, citing *Cattaneo v. Needham*, Licking App. No. 2009CA00142, 2010-Ohio-4841.    An "abuse of discretion" connotes that the court's attitude is unreasonable, arbitrary, or unconscionable.    *Blakemore v. Blakemore* (1983), 5 Ohio St.3d 217, 219, 450 N.E.2d 1140; *Booth v. Booth* (1989), 44 Ohio St.3d 142, 144, 541 N.E.2d 1028.

{¶ 19} Contempt falls into the following general categories: direct, which means that the offending action was done in the court's presence, and indirect, where the action occurs outside the presence of the court.    "The failure to appear at or arriving late to a hearing before the court occurs in the constructive presence of the court rather than the immediate presence of the court and is treated as indirect contempt."    *State v. Moody* (1996), 116 Ohio App.3d 176, 181, 687 N.E.2d 320.

{¶ 20} Courts further classify contempt as criminal or civil, depending upon the purpose of the sanction imposed.    *In re Carroll* (1985), 28 Ohio App.3d 6, 8, 501 N.E.2d 1204; see, also, R.C. 2705.01(A).    Sanctions for criminal contempt are punitive, rather

than coercive, in nature, and are aimed at vindicating the authority of the court. Id. A sanction imposed for civil contempt, on the other hand, is remedial or coercive in nature and is imposed for the benefit of the complainant. *Carroll v. Detty* (1996), 113 Ohio App.3d 708, 711, 681 N.E.2d 1383.

{¶ 21} The parties in this case disagree on whether the contempt finding was civil or criminal. Appellee city argues the contempt was criminal and civil, but Leary argues the contempt was solely criminal. We agree with Leary that he was found guilty of indirect criminal contempt. The sanction the trial court imposed was clearly punitive in nature, not remedial. See *State v. Chavez-Juarez*, 185 Ohio App.3d 189, 199, 2009-Ohio-6130, 923 N.E.2d 670, appeal not allowed by 124 Ohio St.3d 1509, 2010-Ohio-799, 922 N.E.2d 971. Moreover, Leary was charged with a violation of Parma Municipal Ordinances 606.28, a fourth degree misdemeanor.

{¶ 22} The standard of proof required in indirect criminal contempt proceedings is proof of guilt beyond a reasonable doubt. *Brown v. Executive 200, Inc.* (1980), 64 Ohio St.2d 250, 252, 416 N.E.2d 610. A person charged with indirect criminal contempt is entitled to all the procedural due process protections afforded in criminal proceedings, including the right to notice of the charges, the right to defend oneself and be heard, the right to counsel, and the right that there be proof beyond a reasonable doubt to support a conviction. *United Mine Workers v. Bagwell* (1994), 512 U.S. 821, 826, 114 S.Ct. 2552, 129 L.Ed.2d 642.

{¶ 23} To show contempt, it is necessary to establish a valid court order,

knowledge of the order, and violation of it. *Chavez-Juarez* at id., citing *Arthur Young & Co. v. Kelly* (1990), 68 Ohio App.3d 287, 295, 588 N.E.2d 233. "In civil contempt, intent to violate the order need not be proved." Id. However, intent to violate the order is an essential element of criminal contempt. *Chavez-Juarez* at id., citing *In re Carroll*, at 10. The intent required to prove criminal contempt for a late appearance is reckless or indifferent disregard of the trial court's order to appear at a stated time. See *E. Cleveland v. Reed* (1977), 54 Ohio App.2d 147, 151-152, 376 N.E.2d 973.

{¶ 24} We agree with Leary that his intent is at issue in this case. Leary testified that he informed the bailiff on the day the trial was scheduled that he had another trial scheduled for the same date in a different court. According to Leary, he told the bailiff he thought the other case would plea and he could appear for trial after that occurred. On the morning of trial, Leary attempted to call the bailiff. He had the wrong number. He finally found the correct phone number and left a voicemail message for the bailiff. "[A] telephone call placed to the authority requiring one's presence is evidence of an intent to comply with an order." *In re Contempt of Mgbaraho*, Cuyahoga App. No. 80387, 2002-Ohio-3429, ¶23, citing *Cleveland v. Ramsey* (1988), 56 Ohio App.3d 108, 564 N.E.2d 1089. Moreover, "untimely appearance alone does not prove intent to commit contemptuous conduct." *Ramsey* at 109.

{¶ 25} In addition, we note Leary attempted to have an attorney in his office cover for him and, although the attorney refused, that refusal does not negate Leary's attempts to comply with the trial date and time.

{¶ 26} Based on these facts, Leary's actions in arriving late for trial cannot be categorized as intentional, willful, and for an illegitimate or improper purpose. Therefore, we find the trial court abused its discretion in finding him guilty.

{¶ 27} The second assignment of error has merit and is sustained.

{¶ 28} Due to our disposition of the second assignment of error, the third assignment of error is moot.    See App.R. 12(A)(1)(c).

{¶ 29} The judgment is vacated and the case is remanded.

It is ordered that appellant recover of appellee costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the municipal court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
LARRY A. JONES,   JUDGE

FRANK D. CELEBREZZE, JR., P.J., and
EILEEN A. GALLAGHER, J., CONCUR