[Cite as *In re Contempt of Anderson*, 2017-Ohio-86.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
No.   103732

# IN RE: CONTEMPT OF
# WILFRED L. ANDERSON

APPELLANT

In the matter styled:

*Wilfred L. Anderson, Plaintiff*

vs.

*Cuyahoga Metropolitan Housing Authority, et al., Defendants*

## JUDGMENT:
REVERSED AND REMANDED

Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CV-14-820828

**BEFORE:**    Boyle, J., E.A. Gallagher, P.J., and S. Gallagher, J.

**RELEASED AND JOURNALIZED:**    January 12, 2017

**ATTORNEYS FOR APPELLANT**

Robert L. Tobik
Cuyahoga County Public Defender
BY:   John T. Martin
Assistant Public Defender
310 Lakeside Avenue, Suite 200
Cleveland, Ohio    44113


**ATTORNEYS FOR APPELLEES**

**For Cuyahoga Metropolitan Housing Authority, et al.**

Timothy A. Marcovy
Willacy, Lopresti & Marcovy
1468 West Ninth Street
Western Reserve Building, Suite 330
Cleveland, Ohio    44113

Michele L. Larissey
Swartz Campbell, L.L.C.
The Illuminating Building
55 Public Square, Suite 1120
Cleveland, Ohio    44113

**For Luann Mitchell**

Luann Mitchell, pro se
2485 Newbury Drive
Cleveland Heights, Ohio    44118

MARY J. BOYLE, J.:

{¶1} Appellant, Wilfred Anderson, appeals the judgment entered by the Cuyahoga County Court of Common Pleas that found Anderson guilty of five instances of indirect criminal contempt and imposed penalties that included 50 days in jail and a total fine of $2,600.

{¶2} Finding merit to the appeal, we reverse and remand.

## A. Procedural History and Facts

{¶3} In January 2014, Anderson commenced a civil suit against the Cuyahoga Metropolitan Housing Authority and Luann Mitchell. Mitchell answered the complaint and filed a counterclaim, asking the court to declare Anderson a vexatious litigator. Although Anderson's case against Mitchell was ultimately stayed due to Mitchell's bankruptcy filing, the trial court held that the counterclaim was not subject to the stay. Following a hearing on March 6, 2015, and upon Mitchell's motion for summary judgment, the trial court ultimately found in Mitchell's favor on her counterclaim and declared Anderson a vexatious litigator under R.C. 2323.52. In its order of March 6, 2015, the trial court stated in pertinent part the following:

> The court finds defendant has met her burden for this court to declare plaintiff a vexatious litigator pursuant to R.C. 2323.52. The court placed its findings on the record and incorporates them herein. Plaintiff Wilfred Anderson is hereby prohibited doing one or more of the following without first obtaining leave of this court to proceed: (1) institute legal proceedings in the court of claims or in a court of common pleas, municipal court, or county court; (2) continuing any legal proceedings that the plaintiff has instituted in any of the court listed above prior to the entry of this order;

and (3) making any application, other than an application for leave to proceed. See R.C. 2323.52(D)(1)(A)-(C). Defendant's motion for summary judgment is granted. Defendant is to submit an affidavit as to damages with respect to sanctions and attorney fees by 3/13/15. The clerk of courts is hereby ordered to send a certified copy of this order to the Supreme Court for publication pursuant to R.C. 2323.52(H). Plaintiff is not precluded from filing appeals in this case. Court cost assessed to the plaintiff. Notice issued.

{¶4} Prior to the trial court deciding the issue of sanctions or attorney fees, Anderson appealed the trial court's decision declaring him a vexatious litigator. Recognizing that the issue of sanctions and attorney fees remained pending in the underlying action, this court sua sponte dismissed Anderson's appeal on May 6, 2015, for lack of a final, appealable order.

{¶5} The following day, on May 7, 2015, Mitchell filed a motion to show cause, alleging that Anderson had intentionally disregarded the trial court's March 6, 2015 order by filing five additional pleadings in existing litigation and a complaint in a new action and requesting that he appear and show cause why he should not be held in contempt.

{¶6} On June 8, 2015, the trial court decided the issue of sanctions and attorney fees, awarding $1,137.50 to Mitchell. On that same day, the trial court also held a hearing on Mitchell's motion to show cause. Although a transcript from the hearing has not been provided in the record on appeal, the record contains a journal entry issued the day following the hearing, which states the following:

Hearing held on 6/8/15. Plaintiff was given in open court on the record a copy of the signed order attached to this half-sheet. The court explained

the potential penalties and plaintiff's right to counsel. Plaintiff waived right to counsel on the record. A criminal contempt hearing is set for 7/1/15 at 1:30 p.m.

{¶7} Thereafter, on August 3, 2015, Anderson filed a notice of appeal. On August 12, 2015, this court sua sponte dismissed Anderson's appeal, stating the following:

Sua sponte, this appeal is dismissed at appellant's costs. The appellant was declared a vexatious litigator by the Cuyahoga County Court of Common Pleas in *Anderson v. Cuyahoga Metro Housing Authority*, Cuyahoga County C.P. No. CV-14-820828. The declaration as a vexatious litigator remains in full force and effect. Accordingly, the appellant was required to seek leave to proceed as required by R.C. 2323.52. The appellant has failed to seek leave to proceed. Thus, no basis exists for this appeal to continue. Notice issued.

{¶8} The trial court ultimately held the contempt hearing on October 29, 2015, after appointing a public defender for Anderson and providing notice to all the parties.

{¶9} At the hearing, Mitchell presented certified copies of the complaint and four motions that Anderson had filed in court proceedings after being declared a vexatious litigator and ordered not to file anything without leave of court. Each filing was signed by Anderson, filed pro se, and contained Anderson's address. The four motions were actually only two separate motions filed on April 14, 2015 in a consolidated case,

thereby giving rise to the duplicative filings. The complaint was filed on April 24, 2015. Mitchell submitted all five documents as exhibits into evidence.

{¶10} After overruling Anderson's Crim.R. 29 motion for acquittal, the trial court found Anderson guilty of five separate instances of contempt — one violation for each corresponding motion or pleading that Anderson had filed in other cases in violation of the trial court's March 6, 2015 order. The trial court imposed ten days in jail for each violation and ordered that those days be served consecutively. The trial court further imposed fines of $100, $250, $500, $750, and $1,000 for a cumulative fine of $2,600.

{¶11} Anderson now appeals, raising the following four assignments of error:

> I. The order declaring Mr. Anderson a vexatious litigator was not lawful and cannot be the basis for contempt charges in this case.

> II. The written charge of contempt alleged one offense committed in multiple ways, not five separate offenses.

> III. The evidence of identity was insufficient to sustain the convictions.

> IV. The sentences imposed for the filing of the second through fifth pleadings are contrary to law and must be vacated.

## B. Indirect Criminal Contempt

{¶12} Contempt proceedings are classified as either "civil" or "criminal." *Denovcheck v. Bd. of Trumbull Cty. Commrs.*, 36 Ohio St.3d 14, 15, 520 N.E.2d 1362 (1988). The distinction between civil and criminal contempt proceedings is based on the purpose to be served by the sanction. *State ex rel. Corn v. Russo*, 90 Ohio St.3d 551, 554-555, 740 N.E.2d 265 (2001). The purpose of a civil contempt sanction is to

coerce or remedy the party harmed, whereas the purpose of a criminal contempt is to punish the contemnor for past violations of the court's orders as a means to vindicate the court. *State v. Kilbane*, 61 Ohio St.2d 201, 206-207, 400 N.E.2d 386 (1980). The classification of criminal contempt is significant because "many of the constitutional safeguards required in criminal trials are also required in criminal contempt proceedings." *Id.* at 205.

{¶13} Contempt also falls into the following general categories: direct, which means that the offending action was done in the court's presence, and indirect, where the action occurs outside the presence of the court. *State v. Chavez-Juarez*, 185 Ohio App.3d 189, 2009-Ohio-6130, 923 N.E.2d 670, ¶ 40-41 (2d Dist.).

{¶14} In this case, there is no dispute that Anderson was found guilty of indirect criminal contempt.

{¶15} Decisions in contempt proceedings rest within the discretion of the trial court and will not be reversed on appeal absent an abuse of discretion. *N. Royalton v. Awadallah (In re Leary),* 8th Dist. Cuyahoga No. 96424, 2011-Ohio-6626, ¶ 18; *see also State ex rel. Celebrezze v. Gibbs*, 60 Ohio St.3d 69, 75, 573 N.E.2d 62 (1991). An abuse of discretion connotes that the court's attitude is unreasonable, arbitrary, or unconscionable. *N. Royalton* at *id.*

{¶16} We now turn to the merits of Anderson's assignments of error.

### C.   Vexatious Litigator Statute and Remedies Available

{¶17} In his first assignment of error, Anderson challenges the trial court's

authority to impose contempt sanctions for his violation of the March 6, 2015 order declaring him a vexatious litigator. Anderson notes that a prerequisite for a finding of contempt under R.C. 2705.02(A) is that the order be "lawful." According to Anderson, the contempt finding for disobeying the trial court's March 6, 2015 order cannot stand because the underlying order was not "lawful." While we find that the underlying final order declaring Anderson a vexatious litigator is lawful and not subject to a collateral attack,[1] we nonetheless find that the trial court abused its discretion in exercising its contempt powers and imposing criminal penalties for Anderson's vexatious conduct in this case.

{¶18} R.C. 2323.52, Ohio's vexatious litigator statute, was enacted to "prevent abuse of the system by those persons who persistently and habitually file lawsuits without reasonable grounds and/or otherwise engage in frivolous conduct in the trial courts of this state." *Mayer v. Bristow*, 91 Ohio St.3d 3, 23, 740 N.E.2d 656 (2000). The statute, which the Ohio Supreme Court has expressly recognized as constitutional in

---

[1] The record reflects that Anderson never properly appealed from the trial court's determination declaring him a vexatious litigator. A final judgment rendered in a civil case is generally not subject to collateral attack unless (1) the issuing court lacked jurisdiction or (2) the order was procured by fraud. *Ohio Pyro, Inc. v. Ohio Dept. of Commerce*, 115 Ohio St.3d 375, 2007-Ohio-5024, 875 N.E.2d 550, ¶ 23, citing *Coe v. Erb*, 59 Ohio St. 259, 267-268, 52 N.E. 640 (1898). "[I]n the absence of those [two] fundamental deficiencies, a judgment is considered 'valid' (even if it might perhaps have been flawed in its resolution of the merits of the case) and is generally not subject to collateral attack." *Ohio Pyro* at ¶ 25. While Anderson clearly believes that the trial court's March 6, 2015 is flawed under Civ.R. 56, he raises no claim attacking the jurisdiction of the court or that the judgment was the product of fraud. We therefore must respect the final judgment and have no authority to entertain a collateral attack.

its entirety, grants authority to the court of common pleas to order a vexatious litigator to obtain its leave before proceeding in the court of claims, a court of common pleas, municipal court, or county court. *Id.* at paragraphs one and two of the syllabus; *see also* R.C. 2323.52(D)(1). The statute specifically operates to restrict those individuals declared to be vexatious litigators from making frivolous filings by requiring such individuals to seek leave of court before proceeding. *Catudal v. Netcare Corp.*, 10th Dist. Franklin No. 15AP-133, 2015-Ohio-4044, ¶ 19.

{¶19} The statute also specifically sets forth a remedy of dismissal if a vexatious litigator fails to obtain leave. Specifically, R.C. 2323.52(I) provides as follows:

> Whenever it appears by suggestion of the parties or otherwise that a person found to be a vexatious litigator under this section has instituted, continued, or made an application in legal proceedings without obtaining leave to proceed from the appropriate court of common pleas or court of appeals to do so under division (F) of this section, the court in which the legal proceedings are pending shall dismiss the proceedings or application of the vexatious litigator.

{¶20} The record reflects that the underlying conduct giving rise to the contempt finding occurred on two separate days but prior to the trial judge's order becoming a final appealable order. And although Anderson attempted to appeal his vexatious litigator designation, he failed to properly navigate the appeal process.

{¶21} While we do not condone Anderson's vexatious conduct, we question the reasonableness of the trial court's decision to impose a criminal penalty for Anderson's violation of the civil statute under the circumstances of this case. R.C. 2323.52 expressly provides for the remedy of dismissal to address Anderson's conduct in this case. Furthermore, R.C. 2323.51 separately provides for monetary sanctions in the form of

attorney fees awarded for frivolous conduct in a civil action. Accordingly, based on these other remedies available, we find that the trial court acted unreasonably in relying on its contempt powers to criminally punish Anderson as a means of first resort. We find no support in the law justifying the imposition of 50 days in jail and $2,600 in fines for the conduct at issue.

{¶22} The first assignment of error is sustained in part. Having sustained this assignment of error, we find that the other assignment of errors challenging the notice of the charges, the sufficiency of the evidence, and the sentence imposed are moot.

{¶23} Judgment reversed and case remanded to vacate the imposition of criminal contempt penalties.

It is ordered that appellant recover from appellee costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____

_____
MARY J. BOYLE, JUDGE

EILEEN A. GALLAGHER, P.J., and
SEAN C. GALLAGHER, J., CONCUR