[Cite as *Brewer v. Brewer*, 2019-Ohio-4674.]

## COURT OF APPEALS OF OHIO

### EIGHTH APPELLATE DISTRICT
### COUNTY OF CUYAHOGA

WILLIAM A. BREWER,                          :

    Plaintiff-Appellee,                  :

                                       No. 108011

v.                                          :

NICOLE M. BREWER, ET AL.,                   :

    Defendants-Appellants.               :

---

### JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** November 14, 2019

---

Civil Appeal from the Cuyahoga County Court of Common Pleas
Case No. CV-13-818843

---

### *Appearances:*

Cleveland-Marshall College of Law, Appellate Practice Clinic, and Doron M. Kalir, *for appellee.*

Bonezzi Switzer Polito & Hupp Co., L.P.A., and Edward J. Stoll, *for appellants.*

MARY EILEEN KILBANE, A.J.:

{¶ 1} Defendants-appellants, Nicole M. Brewer ("Nicole") and Michelle Innocenzi ("Michelle"), appeal the trial court's judgment denying their motion to show cause and for attorney fees or alternatively to enforce agreed judgment and attorney fees. For the reasons set forth below, we affirm.

{¶ 2} In December 2013, William A. Brewer ("William") filed a complaint for money judgment, specific performance, and equitable relief against his mother, Marie Brewer ("Mrs. Brewer"), who is now deceased, his sister Michelle, and Michelle's daughter Nicole. The complaint asserted claims regarding the transfer of a property located at 6349 Sylvia Drive, Brook Park, Ohio.

{¶ 3} In the complaint, William alleged that in December 2003, he loaned his parents $60,000 to pay off the mortgage on their home located at the above-referenced address. William alleged that in consideration of him providing the funds, his parents agreed to provide in their will that he would receive the sum of $60,000, plus reasonable interest, from the sale of the home. In July 2005, William's father died and Mrs. Brewer became the sole owner of the home.

{¶ 4} William alleged that in September 2006, Mrs. Brewer entered into an agreement to make a will that would assure that he would receive the sum of $80,000 from the sale of the home. Mrs. Brewer determined she would bequeath her son $80,000, based on additional sums William had expended since providing the loan, plus estimated interest to be earned up to the date of her death. Subsequently, Mrs. Brewer made a will bequeathing William the sum of $80,000.

{¶ 5} William alleged that in December 2011, Mrs. Brewer executed a general warranty deed with a reservation of life estate in grantor for home to her granddaughter Nicole. In September 2013, the general warranty deed with the aforementioned reservation of life estate was duly recorded. William alleged the

property transfer was a fraudulent action designed to hide the asset and avoid paying him the $80,000 in funds he had loaned his parents.

{¶ 6} In November 2014, after extensive litigation, the parties filed an agreed judgment entry. The trial court found that the transfer of the property by Mrs. Brewer to her granddaughter Nicole was a fraudulent transfer as to creditors, and as a result, breached the agreement to repay William the $80,000 he furnished to pay off the mortgage. The trial court also found that Mrs. Brewer had been unjustly enriched in the amount of $12,000 by improvements William had done to the property.

{¶ 7} The trial court awarded judgment in favor of William and against Mrs. Brewer in the amount of $92,000. The trial court ordered that Nicole transfer the property back to Mrs. Brewer, but allowed her and Michelle to continue living in the property for a period of 30 days following Mrs. Brewer's admission into a skilled or assisted living facility or 90 days following her death.

{¶ 8} In keeping with the agreed judgment entry, the trial court ordered that William list the property for sale, with a licensed realtor, at the price recommended by the realtor, within 90 days of Mrs. Brewer's death or 30 days of her being admitted into a skilled or assisted living facility. Under the agreed judgment entry, William would not purchase the property for himself once listed for sale.

{¶ 9} Pursuant to the agreed judgment entry, the trial court ordered that William would receive 70% of the net proceeds of the sale and Nicole would receive

30%. The parties agreed that regardless of the sale price, Nicole would receive a minimum of $27,000. The trial court retained jurisdiction to enforce the agreed judgment entry.

{¶ 10} In February 2015, Mrs. Brewer died. A year later, Nicole filed a motion to show cause and for attorney fees or alternatively to enforce agreed judgment and attorney fees. Nicole asserted that William failed to sell the property through a licensed realtor, that he offered the property for sale "By Owner," and that he transferred the property by quitclaim deed in November 2015, to WAB Rental Properties, L.L.C. without receiving any consideration. Nicole claimed that by transferring the property to the aforementioned L.L.C., William was attempting to evade the trial court's order, which required him to pay her a minimum of $27,000 from the net proceeds of the sale.

{¶ 11} In response, William denied the allegations and argued that Nicole did not comply with the agreed judgment entry by failing to pay costs associated with the property, failing to adequately maintain the property, and failing to make necessary repairs. William alleged that as a result of these failures, he was forced to expend significant funds to bring the bills current, and to avoid any judgment liens or foreclosure. William also alleged that he was required to make numerous repairs and renovations because of either negligence or willful conduct on the part of Nicole and Michelle.

{¶ 12} In July 2017, the trial court denied the motion to show cause. Nicole timely appealed and challenged the trial court's failure to hold an evidentiary

hearing. In her appellate brief, Nicole stated that before the trial court ruled on the motion, William sold the property to an unrelated party for $118,000, and that she never received her share of the proceeds.

{¶ 13} In *Brewer v. Brewer*, 8th Dist. Cuyahoga No. 106092, 2018-Ohio-1402, we reversed the trial court's decision because we found that the trial court abused its discretion by failing to hold an evidentiary hearing. And, because no evidentiary hearing was conducted, we did not have an adequate record to conduct a meaningful review. *Id.* Consequently, we remanded the matter for an immediate evidentiary hearing.

{¶ 14} Following our remand, Nicole and Michelle filed a motion to recuse, which the presiding judge granted. The case was reassigned to another judge and in August 2018, the evidentiary hearing was conducted.

{¶ 15} At the hearing, the trial court heard testimony from William, Michelle, Nicole, and Michelle's other daughter Morgan Innocenzi. William testified that he did not list the property for sale within 90 days of Mrs. Brewer's death because the house was left in utter disrepair and a sale would net only $30,000 without repairs. William provided 33 photographs depicting damage to the property including, but not limited to, leaky valves in basement, animal urine and feces, overgrown landscape, pool and deck in disrepair, buckling kitchen floor tiles, and spray paint on the wall.

{¶ 16} William testified that before he was able to sell the property, he had to hire two tradesmen to perform repairs and renovations, as well as do landscaping

work and dispose of trash. William also had to pay back taxes on the property. In June 2017, William sold the property for $118,000 and cleared $114,000 after sale-related expenses.

{¶ 17} Michelle disputed the damages and testified that William never mentioned any damages prior to her filing the motion to show cause. Michelle presented a note Nicole left in May 2015, with pictures noting the cleanliness and the improvements to the house.

{¶ 18} The trial court denied the motion to show cause. The trial court found that William was entitled to the entirety of the proceeds from the sale of the property.

{¶ 19} Nicole and Michelle now appeal, assigning two errors for review:

Assignment of Error One

The trial court committed prejudicial error in enforcing the Agreed Judgment Entry by miscalculating net proceeds on sale of the subject property by including amounts over and above those specifically defined by the parties as permitted reductions from the gross sale amount as set forth in the Agreed Order of November 17, 2014.

Assignment of Error Two

The trial court committed prejudicial error in enforcing the Agreed Judgment Entry by failing to grant [Nicole and Michelle] a judgment in the stipulated minimal amount of $27,000 as required in the Agreed Order of November 17, 2014.

{¶ 20} For ease of review, we will address both assignments of error together.

{¶ 21} Nicole and Michelle centrally argue that the trial court erred by not awarding them the stipulated 30 percent or a minimum of $27,000 of the net

proceeds of the sale.  As a result, Nicole and Michelle claim William should have been held in contempt.

{¶ 22} "Decisions in contempt proceedings rest within the discretion of the trial court and will not be reversed on appeal absent an abuse of discretion." *Anderson v. Cuyahoga Metro. Hous. Auth. (In re Anderson)*, 2017-Ohio-86, 80 N.E.3d 1208 (8th Dist.), citing *N. Royalton v. Awadallah (In re Leary)*, 8th Dist. Cuyahoga No. 96424, 2011-Ohio-6626, ¶ 18; *see also State ex rel. Celebrezze v. Gibbs*, 60 Ohio St.3d 69, 75, 573 N.E.2d 62 (1991).  An abuse of discretion occurs when the trial court's judgment is unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983).

{¶ 23} "Contempt has been defined as the disobedience of a court order." *Dureiko v. Dureiko*, 8th Dist. Cuyahoga No. 94393, 2010-Ohio-5599, ¶ 9, citing *Denovchek v. Bd. of Trumbull Cty. Commrs.*, 36 Ohio St.3d 14, 15, 520 N.E.2d 1362 (1988).  "'It is conduct which brings the administration of justice into disrespect, or which tends to embarrass, impede or obstruct a court in the performance of its functions.'" *Id.*, quoting *Windham Bank v. Tomaszczyk*, 27 Ohio St.2d 55, 271 N.E.2d 815 (1971), paragraph one of the syllabus.

{¶ 24} A settlement agreement is a contract designed to terminate a claim by preventing or ending litigation. *Infinite Sec. Solutions, L.L.C. v. Karam Properties II, Ltd.,* 143 Ohio St.3d 346, 2015-Ohio-1101, 37 N.E.3d 1211, ¶ 16.  The law highly favors settlement agreements, and a trial judge generally has discretion to promote

and encourage settlements to prevent litigation. *Id.* Thus, a settlement agreement is an issue of contract law.

{¶ 25} A settlement agreement, like any other contract, requires an offer, acceptance, consideration, and mutual assent between two or more parties with the legal capacity to act. *See, e.g., Kostelnik v. Helper*, 96 Ohio St.3d 1, 2002-Ohio-2985, 770 N.E.2d 58, ¶ 16; *Rulli v. Fan Co.*, 79 Ohio St.3d 374, 376, 683 N.E.2d 337 (1997). The parties do not dispute there is valid settlement agreement.

{¶ 26} Under the terms of the settlement agreement at hand, the opposing parties were tasked with shouldering specific responsibilities. Pertinent to Nicole and Michelle, the agreement specified as follows:

> IT IS FURTHER ORDERED, ADJUDGED AND DECREED that while they reside in the property, the Defendants shall continue to be responsible for the payment of all expenses associated with the property, including, but not limited to the electric, gas, water, sewer and garbage, real estate taxes, insurance, maintaining the property in its current condition and performing any maintenance and repairs needed during their occupancy. Defendants shall also continue in the same manner as currently caring for the property, and not commit waste or damage to the property.

With regard to William, it specified as follows:

> IT IS FURTHER ORDERED, ADJUDGED AND DECREED that [William] shall have the property listed for sale with a licensed realtor at the price recommended by the realtor within 90 days of [Ms. Brewer's] death or within thirty (30) days of [Ms. Brewer] being admitted into a skilled or assisted living facility. [William] agrees that he shall not purchase the property for himself when it is listed for sale.

{¶ 27} In denying the motion to show cause, the trial court stated in pertinent part:

The record is clear that [William] did not follow the terms of the parties' consent judgment entry because he did not timely list the property for sale or pay [Nicole and Michelle] under the agreement. The Court finds, however, that [Nicole and Michelle's] damaging conduct frustrated the purpose of the consent judgment entry so as to require [William] to deviate from the terms of the agreement. [Nicole and Michelle's] actions prevented [William] from listing the property in order to net the profits contemplated by the consent judgment entry.

The Court finds that [William's] renovations were necessary and proper in order to prepare the property for sale and that [William] received a fair market price for the property. As such, the Court hereby orders the following remedy in equity in order to resolve the present dispute.

[T]he house sold for $118,000. From that amount, [William] is entitled to the $92,000 judgment as set forth in the consent judgment entry as this amount was to be awarded to [William] upon the sale of the property. [William] is also entitled to costs associated with repairs and materials, but nothing for plumbing, the driveway, and landscaping. This amount is equal to $2,540.95 for materials and $20,204.30 for labor expended. [William] is also entitled to unpaid-taxes in the amount of $1,900 and closing costs in the amount $1,354.75. The remaining net proceeds after this calculation is $0.00. As there are no net proceeds, the Court finds that [Nicole and Michelle] are not entitled to compensation from the sale of the property.

{¶ 28} We find support for the trial court's decision to fashion an equitable remedy in the instant matter. As previously mentioned, at the evidentiary hearing, William testified that Nicole and Michelle left the property in disrepair and William provided 33 photographs depicting the damage. A review of the photographs depicts the damage to the house, which undoubtedly factored heavily in the trial court's conclusion that Nicole and Michelle's conduct frustrated the purpose of the consent judgment.

{¶ 29} In addition, William testified that he was unable to list the property within the 90-day period prescribed by the settlement agreement because it would

have only netted $30,000, which is a vast difference in the sale price contemplated by the agreement. The record before us indicates that it took two tradesmen five months, working an average of forty-two hours per week, to rehabilitate the subject property. Thus, William had to undertake the necessary repairs to be able to list the property for sale at a price comparable to other properties in that area.

{¶ 30} Further, the $92,000 judgment in favor of William and against Mrs. Brewer was to be satisfied from the sale of the property. The consent judgment entry specifically stated that William could file the $92,000 judgment as a lien once the property was transferred back into Mrs. Brewer's name. The entry further stated that execution on the judgment would be stayed, provided the parties complied with the remaining orders.

{¶ 31} As previously noted, the house sold for $118,000, and the trial court found that William was entitled to $92,000, as set forth in the consent judgment entry. The trial court also deducted the cost for repairs, unpaid back taxes, and closing costs from the sale price, and determined that the net proceeds were $0.00.

{¶ 32} Nicole and Michelle contend this calculation of the net proceeds of the sale deviated from the terms of the settlement agreement and constituted prejudicial error. However, as the trial court's opinion aptly noted, in *Steinberg v. Steinberg*, 8th Dist. Cuyahoga No. 44125, 1982 Ohio App. LEXIS 12314 (June 24, 1982), this court held that a trial court may act within its sound discretion in fashioning an equitable remedy designed to facilitate compliance with its prior orders.

**{¶ 33}** Here, Nicole and Michelle's damaging conduct frustrated the purpose of the consent judgment. Their conduct caused William to undertake costly rehabilitative efforts to bring the property to the condition that would secure a sale at a price necessarily contemplated by the settlement agreement. Based on the actions of the parties that were not contemplated by the agreement, the trial court had to fashion an equitable remedy. As a result, we find no abuse of discretion in the trial court's decision not to find William in contempt.

**{¶ 34}** Accordingly, both assignments of error are overruled.

It is ordered that appellee recover from appellants costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
MARY EILEEN KILBANE, ADMINISTRATIVE JUDGE

FRANK D. CELEBREZZE, JR., J., and
KATHLEEN ANN KEOUGH, J., CONCUR