[Cite as *Anderson v. Jack Cleveland Casino, L.L.C.*, 2026-Ohio-837.]

# COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

WILFRED ANDERSON,                    :

    Plaintiff-Appellant,          :

                         No. 115393

    v.                            :

JACK CLEVELAND CASINO LLC,           :

    Defendant-Appellee.           :

---

JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** March 12, 2026

---

Civil Appeal from the Cuyahoga County Court of Common Pleas
Case No. CV-25-111496

---

### *Appearances:*

Wilfred L. Anderson, *pro se.*

Gallagher Sharp LLP, Joseph Monroe II, and Kathleen M. Kennedy, *for appellee.*

TIMOTHY W. CLARY, J.:

{¶ 1} Plaintiff-appellant Wilfred Anderson ("Anderson") appeals, pro se, from the dismissal of his negligence complaint. For the following reasons, we affirm.

**Factual and Procedural History**

{¶ 2} This case stems from an incident that occurred on December 7, 2022. On that date, Anderson was a patron at defendant-appellee Jack Cleveland Casino LLC ("Jack Casino"), and he alleges that a security guard aggressively confronted him and unlawfully restrained him for 10 to 15 minutes.

{¶ 3} Following a 2014 civil suit unrelated to this case, the trial court declared Anderson a vexatious litigator pursuant to R.C. 2323.52. As a result of that declaration, Anderson is prohibited from instituting legal proceedings without first obtaining leave from the court.

{¶ 4} On June 26, 2024, Anderson filed a complaint against Jack Casino in Cuyahoga C.P. No. CV-24-999576 ("the initial action"). Anderson attached a request for leave to his complaint pursuant to R.C. 2323.52. On July 10, 2024, the trial court dismissed Anderson's complaint without prejudice because Anderson failed to obtain leave from the court before instituting the action.

{¶ 5} On December 19, 2024, Anderson filed a motion to reopen the initial action, attaching a journal entry granting him leave to his motion. On January 7, 2025, the trial court denied Anderson's motion to reopen, stating in relevant part:

> While [Anderson] has now obtained leave to file his complaints, [Anderson] must do so by instituting a new action, rather than attempting to reopen a closed case.

{¶ 6} On February 5, 2025, Anderson filed a complaint against Jack Casino in Cuyahoga C.P. No. CV-25-111496, the underlying case.

{¶ 7} On April 3, 2025, Jack Casino filed a motion to dismiss the complaint. Jack Casino argued that Anderson was declared a vexatious litigator by the trial court on March 6, 2015, and as a result of that declaration, Anderson was required to first obtain leave before instituting legal proceedings in the Court of Common Pleas. Jack Casino also argued that Anderson's complaint was filed outside of the two-year statute of limitations for negligence actions.

{¶ 8} On April 14, 2025, Anderson filed a brief in opposition to Jack Casino's motion to dismiss. On April 21, 2025, Jack Casino filed a reply brief in support of its motion to dismiss. On April 22, 2025, Anderson filed a motion for leave to file a supplemental memorandum in opposition to Jack Casino's motion to dismiss.

{¶ 9} On May 30, 2025, the court issued a journal entry giving the parties notice of its intent to convert the motion to dismiss to a motion for summary judgment.

{¶ 10} On June 13, 2025, Jack Casino supplemented its motion. On July 11, 2025, Anderson filed three separate pleadings: a brief in opposition to Jack Casino's motion for summary judgment, a "brief in support of plaintiff's memorandum in opposition to defendant's motion for summary judgment," and a "second brief in support of plaintiff's memorandum in opposition." On July 16, 2025, Jack Casino filed a reply brief in support of its converted motion for summary judgment.

{¶ 11} On July 30, 2025, the trial court granted Jack Casino's converted motion for summary judgment. In its journal entry, the court stated, in relevant part:

> This matter is before the court on [Jack Casino's] motion to dismiss complaint filed by vexatious litigator [Anderson], filed 04/03/2025. [Anderson] filed a memorandum in opposition to [Jack Casino's] motion to dismiss on 04/14/2025 and [Jack Casino] filed a reply on 04/21/2025. [Anderson] filed a motion for leave to file supplemental memorandum in opposition to [Jack Casino's] motion to dismiss on 04/22/2025, which was granted over [Jack Casino's] objection. Accordingly, [Anderson's] supplemental memorandum, filed 04/22/2025, is also before the court for consideration. On 05/30/2025 the court gave notice of its intent to convert the motion to dismiss to a motion for summary judgment, granted [Jack Casino] 14 days leave to supplement its motion, and allowed responses pursuant to the time limits set forth in Civ.R. 6(C)(2). [Jack Casino] filed a supplemental brief on 06/13/2025 along with the affidavit of Joseph Monroe II and several exhibits. [Anderson] filed a supplemental opposition brief on 07/11/2025, consisting of three separately filed documents, and [Jack Casino] filed a reply on 07/16/2025.

> . . .

> On 03/06/2015, [a common pleas court judge] entered an order in Case No. CV-14-820828 declaring [Anderson] to be a vexatious litigator and prohibiting [Anderson] from instituting any legal proceedings in the court of common pleas without first obtaining leave to proceed, pursuant to R.C. 2323.52. See Ex. A-1 to Monroe Aff. On 06/26/2024, [Anderson] filed a complaint in Case No. CV-24-999576 alleging that he was a patron at Jack Casino on 12/07/2022 when he was forcibly grabbed and assaulted ("the incident"). However, on 07/10/2024 this court dismissed the action without prejudice because [Anderson] had not obtained leave to proceed from the administrative judge before instituting the proceedings, as required by [the 03/06/2015] order. On 12/04/2024, [Anderson] properly filed a request for leave to commence proceedings with the administrative judge, in case no. SD-24-078521, and on 12/06/2024 the administrative judge granted [Anderson] leave to commence proceedings. See Ex. A-1 to Monroe Aff. On 12/19/2024, [Anderson] filed a motion in case no. CV-24-999576 to reopen the case since [Anderson] had obtained leave from the administrative judge. The

motion was denied on 01/07/2025. [Anderson] then initiated this action, which was given case no. CV-25-111496, on 02/05/2025, claiming he was assaulted during the incident. Complaint at ¶ 3-4, 7. [Jack Casino] moves for summary judgment on the grounds that [Anderson's] claim is barred by the statute of limitations. The parties agree that the relevant statute of limitations is two years, as set forth in R.C. 2305.10. See motion to dismiss at P3; brief in opposition at P2. The relevant facts in this case are undisputed. The incident occurred on 12/07/2022. The statute of limitations would ordinarily have run on 12/07/2024. However, R.C. 2323.52(F)(1) provides for tolling of the statute of limitations when an application for issuance of an order granting leave to proceed is filed. The statute provides, in relevant part: "If a person who has been found to be a vexatious litigator under this section requests the court of common pleas that entered an order under division (D)(1) of this section to grant the person leave to proceed as described in division (F)(1) of this section, the period of time commencing with the filing with that court of an application for the issuance of an order granting leave to proceed and ending with the issuance of an order of that nature shall not be computed as a part of an applicable period of limitations within which the legal proceedings or application involved generally must be instituted or made." In the case at hand, the record is clear that [Anderson] properly filed his application for the issuance of an order for leave to proceed on 12/04/2024 and the administrative judge granted leave to proceed on 12/06/2024. Therefore, the three days in which his request for leave to proceed was pending do not count towards the limitations period, and [Anderson] was required to file his complaint by 12/10/24, well before the instant action was initiated, and even prior to [Anderson] filing his motion to reopen case no. CV-24-999576. Accordingly, it is clear as a matter of law that the statute of limitations had run before [Anderson's] complaint, in this case, was filed. Based upon the foregoing, the court hereby grants [Jack Casino's] motion for summary judgment. The court, having considered all of the evidence and having construed the evidence in a light most favorable to the nonmoving party, determines that reasonable minds can come to but one conclusion, that there are no genuine issues of material fact and that defendant is entitled to judgment as a matter of law. [Anderson's] claim is hereby dismissed with prejudice.

{¶ 12} Anderson appealed. He now raises two assignments of error for our review:

I. The trial court erred in granting summary judgment on statute of limitations grounds by failing to apply the remedial provisions of the Ohio savings statute, R.C. 2305.19(A), to the procedurally dismissed initial complaint.

II. The trial court erred in upholding the validity of the 2015 vexatious litigator determination (CV-14-820828), which is void ab initio due to lack of jurisdiction, violation of the federal automatic bankruptcy stay (11 U.S.C. § 362), and procurement by fraud upon the court.

**Law and Analysis**

**I. Summary Judgment**

{¶ 13} In Anderson's first assignment of error, he argues that the trial court erred in granting summary judgment on statute-of-limitations grounds. He specifically argues that the trial court failed to apply the remedial provisions of R.C. 2305.19(A), Ohio's saving statute. Anderson further argues that because he filed the complaint in the initial action within the statute of limitations, the trial court improperly dismissed the complaint in the underlying case.

{¶ 14} We review an appeal from summary judgment under a de novo standard. *Cleveland Elec. Illum. Co. v. Cleveland*, 2020-Ohio-4469, ¶ 13-15 (8th Dist.), citing *Baiko v. Mays*, 140 Ohio App.3d 1, 10 (8th Dist. 2000). As such, we afford no deference to the trial court's decision and independently review the record to determine whether summary judgment is appropriate. *Id.*, citing *N.E. Ohio Apt. Assn. v. Cuyahoga Cty. Bd. of Commrs.*, 121 Ohio App.3d 188, 192 (8th Dist. 1997).

{¶ 15} A party is entitled to summary judgment pursuant to Civ.R. 56(C) if "the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any, timely filed

in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Summary judgment is appropriately granted if the record provides

> (1) there is no genuine issue of material fact; (2) the moving party is entitled to judgment as a matter of law; and (3) reasonable minds can come to but one conclusion and that conclusion is adverse to the nonmoving party, said party being entitled to have the evidence construed most strongly in his or her favor.

*Bohan v. McDonald Hopkins, L.L.C.*, 2021-Ohio-4131, ¶ 19 (8th Dist.), citing *Horton v. Harwick Chem. Corp.*, 73 Ohio St.3d 679 (1995), paragraph three of the syllabus. "The party moving for summary judgment bears the burden of demonstrating that no material issues of fact exist for trial." *Edvon v. Morales*, 2018-Ohio-5171, ¶ 17 (8th Dist.), citing *Dresher v. Burt*, 75 Ohio St.3d 280, 292 (1996). If that burden is met, then the nonmoving party has the burden to set forth facts that there remain genuine issues of material fact precluding summary judgment. *Id.*

## A. The Saving Statute

{¶ 16} Ohio's saving statute, R.C. 2305.19(A), provides, in relevant part:

In any action that is commenced or attempted to be commenced, if in due time a judgment for the plaintiff is reversed or if the plaintiff fails otherwise than upon the merits, the plaintiff . . . may commence a new action within one year after the date of the reversal of the judgment or the plaintiff's failure otherwise than upon the merits or within the period of the original applicable statute of limitations, whichever occurs later.

{¶ 17} When leave is required to file a complaint, and a party files or serves the amended complaint without leave of court, the complaint is without legal effect. *Weiler v. Osborn Eng. Co.*, 2023-Ohio-619, ¶ 21 (8th Dist.), citing *IBEW, Local*

*Union No. 8 v. Kingfish Elec., L.L.C.*, 2012-Ohio-2362, ¶ 18 (6th Dist.); *accord PNC Bank, N.A. v. J & J Slyman, L.L.C.*, 2015-Ohio-2951, ¶ 20 (8th Dist.) ("Generally, where leave is required to file a pleading, and the party files its pleading without the requisite leave, a trial court may treat it as a legal nullity."). Here, Anderson filed his complaint in the initial action without first obtaining leave as required by R.C. 2323.52. Therefore, the complaint in the initial action was a nullity. A complaint that is a nullity does not constitute a "commencement" or "attempted commencement" for purposes of the saving statute. *Baon v. Fairview Hosp.*, 2019-Ohio-3371, ¶ 30 (8th Dist.), citing *Geiger v. King*, 2004-Ohio-2137, ¶ 12 (10th Dist.). Therefore, the trial court did not err in declining to apply the saving statute to Anderson's complaint in the underlying action.

## B. The Statute of Limitations

{¶ 18} To the extent that Anderson's first assignment of error challenges the grant of summary judgment, generally, we will briefly address the implications of the relevant statute of limitations on the summary-judgment determination. R.C. 2323.52(F)(1) provides, in relevant part:

> If a person who has been found to be a vexatious litigator under this statute requests the court of common pleas that entered an order under division (D)(1) of this section to grant the person leave to proceed as described in division (F)(1) of this section, the period of time commencing with the filing with that court of an application for the issuance of an order granting leave to proceed and ending with the issuance of an order of that nature shall not be computed as a part of an applicable period of limitations within which the legal proceedings or application involved generally must be instituted or made.

{¶ 19} Here, on June 6, 2024, when Anderson filed his complaint in the initial action, he attached a request for leave to the complaint. The trial court did not rule on that request and dismissed the initial action without prejudice.[1]

{¶ 20} Subsequently, Anderson filed his application seeking leave to file the underlying complaint on December 4, 2024. The trial court granted leave on December 6, 2024. Therefore, pursuant to R.C. 2323.52(F)(1), the days between December 4 and December 6, 2024, are not computed as part of the two-year statute of limitations that both parties agree applies to the underlying complaint. Excluding these days, Anderson's February 5, 2025 complaint was still filed approximately two months after the expiration of the applicable statute of limitations.

{¶ 21} Based on the foregoing, Anderson's claims were time-barred, no genuine issue of material fact remains, and Jack Casino is entitled to judgment as a matter of law. Accordingly, the trial court did not err in granting Jack Casino's converted motion for summary judgment. Anderson's first assignment of error is overruled.

## II. The Vexatious-Litigator Determination

{¶ 22} In his second assignment of error, Anderson argues that the trial court erred in upholding the validity of the 2015 determination that Anderson is a

---

[1] On July 15, 2024, after his complaint had been dismissed, Anderson filed a motion for leave to proceed in the initial action. On August 5, 2024, the trial court denied Anderson's motion for leave to proceed as moot because the case was closed. Because Anderson was not granted leave, this period does not extend the statute of limitations pursuant to R.C. 2323.52(F)(1).

vexatious litigator. Specifically, Anderson argues that the determination is void ab initio because of multiple jurisdictional defects.

{¶ 23} While the trial court did consider Anderson's classification as a vexatious litigator, the validity of that determination is not properly before us in the instant appeal.

{¶ 24} As described above, the trial court declared Anderson a vexatious litigator in a previous, unrelated action initiated in 2015. On January 12, 2017, this court found that the order declaring Anderson a vexatious litigator was lawful. *In re Anderson*, 2017-Ohio-86, ¶ 17 (8th Dist.). This court specifically found that Anderson never properly appealed from the trial court's determination declaring him a vexatious litigator, and therefore the judgment was valid:

> "A final judgment rendered in a civil case is generally not subject to collateral attack unless (1) the issuing court lacked jurisdiction or (2) the order was procured by fraud." *Ohio Pyro, Inc. v. Ohio Dept. of Commerce*, 115 Ohio St.3d 375, 2007-Ohio-5024, 875 N.E.2d 550, ¶ 23, citing *Coe v. Erb*, 59 Ohio St.259, 267-268, 52 N.E. 640 (1898). "[I]n the absence of those [two] fundamental deficiencies, a judgment is considered 'valid' (even if it might perhaps have been flawed in its resolution of the merits of the case) and is generally not subject to collateral attack." *Ohio Pyro* at ¶ 25. While Anderson clearly believes that the trial court's March 6, 2015 [order] is flawed under Civ.R. 56, he raises no claim attacking the jurisdiction of the court or that the judgment was the product of fraud. We therefore must respect the final judgment and have no authority to entertain a collateral attack.

*Id.*, fn. 1. Although Anderson's second assignment of error attempts to attack the jurisdiction of the 2015 trial court that declared him a vexatious litigator, we reiterate that the merits of that order are not properly before us in the instant appeal. Further, in subsequent appeals unrelated to the underlying case, this court has

reaffirmed that Anderson's status as a vexatious litigator remains in full force and effect. For these reasons, Anderson's second assignment of error is overruled.

{¶ 25} Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
TIMOTHY W. CLARY, JUDGE

EMANUELLA D. GROVES, P.J., and
MICHAEL JOHN RYAN, J., CONCUR